UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR B.-H.,[1] | No.  1:26-cv-00930-KES-SKO (HC) |
| Petitioner, | **FINDINGS AND RECOMMENDATION TO GRANT PETITION** |
| v. | |
| KRISTI NOEM, et al., | **[21-DAY DEADLINE]** |
| Respondents. | |

Petitioner Omar B.-H. is a former immigration detainee proceeding with a petition for writ of habeas corpus. (Doc. 1.) On February 6, 2026, the District Court issued an order granting Petitioner's motion for preliminary injunction. (Doc. 10.) Respondents were ordered to release Petitioner immediately and were enjoined from re-detaining Petitioner unless they first provided Petitioner with a pre-deprivation bond hearing before a neutral arbiter pursuant to 8 U.S.C. § 1226(a). (Doc. 10 at 2.) The matter was referred to the undersigned for further proceedings.

On February 10, 2026, the Court issued an order directing the parties to advise whether

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits petitioner's full name, using only his first name and last initial, to protect sensitive personal information. See Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

1

they wished to submit additional briefing or whether they wished to stand on the submissions to date. (Doc. 11.) On February 13, 2026, both parties advised the Court of their intent to stand on their submissions. (Docs. 12, 13.)

As the District Court noted in the order granting preliminary injunction, the Court has previously addressed the legal issues raised by the petition. See, e.g., Crispin M.C. v. Noem, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8, 2026); J.A.C.P. v. Wofford, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025); Lepe v. Andrews, No. 1:25-CV-01163-KES-SKO (HC), 2025 WL 2716910 (E.D. Cal. Sept. 23, 2025). In their response to the District Court's order to show cause, Respondents acknowledged that the instant case was not distinguishable from the Court's prior decisions. (Doc. 9.) Thus, for the same reasons stated in the District Court's order, the Court will recommend the petition be granted.

The District Court also noted that Respondent's request, in the alternative, that the Court hold the case in abeyance pending the appeal in Rodriguez v. Bostock, No. 25-6842 (9th Cir.). The District Court stated that the undersigned could consider whether deferring a ruling on the petition is warranted pending the Ninth Circuit's decision in Bostock.  As this Court has determined, as well as numerous other district courts to have considered the legal arguments at issue, Respondent's position is not tenable.  Since the law in this District is clear, the Court recommends granting the petition and providing Petitioner with a permanent injunction against re-detention.

## RECOMMENDATION

Based on the foregoing, the Court hereby RECOMMENDS that the petition be GRANTED and Respondents be PERMANENTLY ENJOINED and RESTRAINED from re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within

2

twenty-one (21) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. Id. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014).  This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:   **February 19, 2026**            /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE

3